UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Michael Cowart, | ) | C/A No. 2:18-1821-JFA-MGB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CPT Marvin Nicks, | ) | |
| Defendant. | ) | |
| | ) | C/A No. 2:18-2504-JFA-MGB |
| Michael Cowart, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Kristy Leopard, | ) | |
| Defendant. | ) | |

The *pro se* plaintiff was a pretrial detainee at the Pickens County Detention Center ("PCDC") at the time he filed these consolidated actions pursuant to 42 U.S.C. § 1983.[1] His suit against Captain Nicks raises complaints regarding the conditions of confinement including overcrowded cells, chipping paint, mold and rust, water quality, and laundry issues. The plaintiff seeks monetary damages for his pain and suffering and mental anguish during the time he was incarcerated at the PCDC. The plaintiff's suit against Ms. Leopard alleges a violation of his First Amendment rights and contends he was precluded from obtaining religious materials and instructions from a Rabbi.

---

[1] Upon motion of the defendants, these cases were consolidated by the Magistrate Judge after her finding that the two cases involved common questions of law and fact and because the consolidation would promote judicial economy (ECF No. 35).

1

The defendants filed a motion for summary judgment on February 6, 2019. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying the plaintiff of the summary dismissal procedure and possible consequences if the plaintiff failed to adequately respond to the motions for summary judgment. The plaintiff did not respond to the defendants' motion. On April 3, 2019, the Magistrate Judge issued another order allowing the plaintiff additional time until April 25, 2019 to respond to the motion for summary judgment. Again, the plaintiff failed to respond to the defendants' motion or the Magistrate Judge's orders.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein she suggests that this court should dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution and failure to comply with court orders.[3] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 30, 2019 (ECF No. 64). On

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[3] The Magistrate Judge issued a proper form order early in this case, advising the plaintiff that that if he failed to bring his case into proper form, the action may be dismissed for failure to prosecute. *Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978)*; Fed. R. Civ. P. 41(b). The plaintiff eventually complied and submitted a proper complaint form.

May 7, 2019, the plaintiff filed a one sentence document (ECF No. 56) that simply stated: "Michael Cowert here is responding to the District Court in a Response."

"[G]eneral and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations" are not specific objections and do not warrant de novo review. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After carefully reviewing the applicable laws and the record in this case, this court accepts the Magistrate Judge's Report and Recommendation and finds that that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, these consolidated actions are dismissed with prejudice for lack of prosecution pursuant to Rule 41(b). The Clerk is directed to terminate all pending motions in this case.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

July 11, 2019
Columbia, South Carolina